IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES RODNEY TAYLOR, | ) | Bankruptcy Case No. 08-30586 |
| | ) | |
| Debtor. | ) | |
| | | |
| JOHN POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 08-3114 |
| | ) | |
| CHARLES RODNEY TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court for trial on a Complaint Objecting to Dischargeability of Debt and to Discharge; the Court, having heard sworn testimony and arguments of counsel, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

At the outset, the Court must note that it found that the Debtor was not a credible witness. In considering the Debtor's demeanor, the manner in which he answered questions addressed to him, and how his answers related to the documentary evidence and other evidence in the case, the Court finds that the Debtor's testimony was evasive. In fact, the Court finds that this is a classic case

where a Debtor/Defendant sought to answer questions in a manner he felt was best for his case, rather than by simply answering questions in a truthful manner.

The credible testimony and evidence elicited at trial in this matter, on May 1, 2009, leads the Court to conclude that there was, in fact, a $60,000 debt in favor of the Plaintiff, John Potter. While the Debtor, at points in his testimony and in the evidence he presented to the Court, tried to characterize the $60,000 as a gift, the Court finds that the totality of circumstances in this case leads to the clear conclusion that the $60,000 was, in fact, intended to be a loan from the Plaintiff to the Debtor/Defendant, and that the parties agreed to reduce the transaction to writing at the earliest possible moment.

The Complaint brought by the Plaintiff seeks to have the $60,000 debt in question to be determined non-dischargeable under the provisions of 11 U.S.C. §523, or, in the alternative, to have the Debtor's discharge denied pursuant to the provisions of 11 U.S.C. §727. A review of the evidence and the arguments made by Plaintiff's counsel leads the Court to conclude that its initial action should be to determine whether the Debtor is entitled to a discharge pursuant to 11 U.S.C. §727(a)(4)(A).

Pursuant to 11 U.S.C. §727(a)(4)(A) of the Bankruptcy Code:

    (a)    The court shall grant the debtor a discharge unless - . . .

        (4)    the debtor knowingly and fraudulently, in or in connection with the case -

            (A)    made a false oath or account [.]

The purpose of §727(a)(4) is to enforce a debtor's duty of disclosure and to ensure that the debtor provides reliable information to those who have an interest in

the administration of the estate.  In re Carlson, 231 B.R. 640, 655 (Bankr. N.D. Ill. 1999), *aff'd* 250 B.R. 366 (N.D. Ill. 2000) *aff'd* 263 F.3d 748 (7th Cir. 2001).  In order to prevail under §727(a)(4), a plaintiff must establish five elements:  (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with intent to deceive; and (5) the statement related materially to the bankruptcy case.  In re Rothermel, 370 B.R. 185, 187 (Bankr. C.D. Ill. 2007), *aff'd* 2007 WL 3120118 (C.D. Ill. 2007), *aff'd* 274 Fed.Appx. 486 (7th Cir. 2008); In re Clarke, 332 B.R. 865, 872 (Bankr. C.D. Ill. 2005).

If made with the requisite fraudulent intent, a false statement, whether made in the schedules or orally at a creditors' meeting, is sufficient grounds for denying a discharge provided it was knowingly made and is material.  In re Lunday, 100 B.R. 502, 508 (Bankr. D. N.D. 1989).  It is a debtor's duty to consider the questions posed on the schedules and at the creditors' meeting carefully and answer them accurately and completely.  Id.

In reviewing the Debtor's Chapter 7 bankruptcy petition, the Court finds that the petition and schedules are fraught with material mistatements concerning the Debtor's assets and his financial transactions.  The Debtor has admitted that he read the petition and schedules and that he signed them under penalty of perjury affirming that the information contained therein was correct.  To the contrary, the Court finds that Debtor's bankruptcy schedules and his testimony at his §341 Meeting of Creditors contain material misstatements and omissions.

In addition to his lack of truthfulness concerning his transaction with the Plaintiff herein, the Debtor/Defendant was far from being truthful and honest in the preparation of his bankruptcy schedules and in providing information to the Chapter 7 Trustee regarding his assets and liabilities.  In reviewing the Debtor's bankruptcy schedules, it is clear that the Debtor failed to list numerous potential assets which he had, including a claim against the Illinois Municipal Retirement Fund, a claim against the Illinois Department of Unemployment and Security, and a claim against the Social Security Administration.  These assets all had potential value to the Debtor's creditors, and, as such, were material, and the Court finds that their omission by the Debtor on his schedules was knowing and done with the intent to deceive.  Chapter 7 bankruptcy relief is reserved for the honest and forthright Debtor, and the Court finds that the Debtor in this case is not honest and forthright in his testimony before the Court and in the manner in which he has provided information to the Chapter 7 Trustee and to his creditors.  As a result, the Court finds that the Debtor's discharge should be denied pursuant to the provisions of 11 U.S.C. §727(a)(4)(A).

Having concluded that the Debtor's discharge should be denied under §727(a)(4)(A), the Court need not address the issues raised by the Plaintiff under 11 U.S.C. §523 as to the dischargeability of the Plaintiff's individual debt.

ENTERED:   July 2, 2009.

/s/Gerald D. Fines  
GERALD D. FINES  
United States Bankruptcy Judge